UNITED STATES of America et al.,
Plaintiff,

v.

Oscar B. LADNER, Defendant.

Civ. A. No. 2972.

United States District Court
S. D. Mississippi, S. D.

Jan. 2, 1965.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for plaintiff.

Albert Sidney Johnston, Jr., Biloxi, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

The plaintiffs invoke jurisdiction here under § 7604 of the Internal Revenue Code to compel the defendant to answer certain questions propounded to him in the course of investigating the liability of Curtis O. Dedeaux for 1959 and 1962 income taxes. Mr. Ladner refused to produce records requested by the special agent of the department and refused to answer many questions propounded to him on the subject by the special agent. The questions were repeated in the presence of the Court and the defendant invoked the Fifth Amendment in answer to all but three of such questions and his refusal to answer such questions was sustained by the Court.

Three questions were asked the attorney, however, which he refused to answer on the ground that the information requested was privileged as between attorney and client under the Mississippi statute. Those questions are: (1) Have you brought with you your records for the years 1959 through 1962 reflecting the dates and amounts paid to you by Curtis Dedeaux for services you rendered to him or for advice you furnished to him? (2) Were you the attorney involved in the purchase of a residence by Mr. Clarence J. Inabinet in 1962? (3) Did Mr. Curtis Dedeaux give you $1,-500.00 as the down payment involved in Mr. Clarence Inabinet's purchase of a home in 1962? Ladner is an attorney-at-law and is a member of the bar of this court. The question is presented to

the Court by both sides without any evidence on the assumption that the relationship of attorney and client did exist as between Ladner and Dedeaux on the occasion involving the items mentioned in the interrogatories. The government relies on Falsone v. United States, (5CA) 205 F.2d 734, involving an Alabama accountant and not an attorney. In the case at bar it appears that the attorney throughout his connection with Dedeaux was acting as his attorney in his professional capacity in all that was done which is the object of this inquiry. The United States relies heavily on Colton v. United States, (2CA) 306 F.2d 633, which would require the attorney in this case to answer the questions and produce the records requested.

Section 8665, Mississippi Code 1942 makes it the duty of an attorney "[t]o maintain inviolate the confidence and, at every peril to themselves, to preserve the secrets of their clients." There is no Federal statute defining this ancient privilege which existed at common law as between attorney and client. Canon 37 of the American Bar Association says: "The announced intention of a client to commit a crime is not included within the confidences which he is bound to respect." That canon expressly provides the lawyer may properly make such disclosures as may be necessary to prevent the act or protect those against whom it is threatened. That seems to be the extent of the permissible disclosure of confidential matters. There is no Federal common law, and since Congress has passed no law on the subject, we must revert to the state law to determine as to whether or not these questions impinge upon state law in that they invade the secrecy of this confidential relationship. As to each of the three interrogatories, this question must be answered in the affirmative. Baird v. Koerner, (9CA) 279 F.2d 623, 95 A.L.R. 303. The Court sustained the objection of the defendant to each of the three questions on the ground of professional privilege and is asked by the plaintiffs to reconsider that ruling which it now declines to do.

Accordingly, the application for compulsory process is without merit and must be denied and the application dismissed. An order accordingly may be presented.